[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On March 16, 1998 the parties entered into an agreement whereby the defendant agreed to construct a one-family dwelling for the plaintiff. After the construction was complete, several defects became apparent and the plaintiff requested the defendant correct said defects, but the defendant was either unwilling or subsequently unable to correct the CT Page 11694 defects.
First and foremost, the contract required a 200 amp service, but only a 100 amp service was installed in the house. The defendant admits this was a mistake and indicates it would cost approximately $600 to correct the service and the court so finds. Defendant's Exhibit D. In addition, the house foundation suffers from cracks having developed in the cement and water is entering the cellar. The court finds from the evidence which is conflicting that the concrete provided met a 3000 psi level and that the cracks developed due to stress and site conditions.
There are however, several cracks of a substantial nature requiring correction. The estimated cost for correction of these cracks is $1600 and the court so finds to include all epoxy material and labor therefore.
The plaintiff complains that the center beam in the house is not that which was contracted. The court finds that the contractor installed 3-2x10' center beams in place of the "micro lamb" beam; that structurally the 2x10' times 3 for the length of the house is adequate and meets code. Accordingly, the $325 material cost difference only is awarded to the plaintiff.
In relation to the support beams for the porch/deck, the court finds that the sono tube foundations were prepared for a 4x4 post which were to be placed on the foundation blocks. Two by four beams are presently in place and were to be replaced by 4x4. The court finds a $40 credit, therefore, due the plaintiff for the material and labor cost.
The court also finds that the contract price included the installation of the septic system, which was to be installed. It is not clear from the contract who had the responsibility for grading, filling, and seeding the area. It is clear from the testimony of the parties that the work was done but that during the course of the winter, a wash out of soil and gravel occurred and exposed the leaching fields. The court is aware that the plaintiff engaged the Malt Construction Company to add soil and re-grade and cover the leaching fields. However, the court finds that the plaintiff has failed to prove by a preponderance of the evidence that this was caused by the fault or negligence of the defendant or the subcontractor, Donahue Company. Accordingly, the court
The plaintiff further complains that the sheet rock in the interior of the house has substantial nail pops that have occurred and that many of the joints of the installed sheet rock were not taped but only compounded over requiring the re-taping and application of joint compound to correct the deficiencies as well as repainting of the affected walls. Because CT Page 11695 nail pops and corner taping affects virtually every room, extensive repair and repainting will be required. Based on the exhibits and the testimony, the court awards the sum of $2,000 to effect those repairs.
Although estimates were presented for the handrails and vertical supports for the basement stairs, handrails are present and vertical supports attached thereto would cost less than fifty percent. The court accordingly awards $120 for the vertical sup ports (safety fence).
In addition, the plaintiff testified that several items such as mislocated electrical switches and fixtures had to be reinstalled, a garage door handle was required and several doors did not close properly. The court finds allowance of $150 based on partial estimates. It is appropriate for plaintiff to recover said sum. See Plaintiff's Exhibit 15.
Judgment may enter for the plaintiff in the amount of $4835 against the defendant.
On the counter claim, the court finds for the defendant in the amount of $15,307.05 as against the plaintiff by stipulation of the parties.
Judgment may enter in the amount of $15,307.05 on the counterclaim for the defendant as against the plaintiff.
 ___________________ J. Kocay, J.